## VAN DEUSEN v. PHILLIPS et al.
### No. 3830.

District Court, M. D. Pennsylvania.
June 18, 1937.

Lawrence R. Van Deusen, of Scranton, Pa., for plaintiff.

Robert H. Jackson, Asst. Atty. Gen., Andrew D. Sharpe and M. C. Ferguson, Sp. Assts. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the government.

WATSON, District Judge.

This is an action against the collector of internal revenue for the recovery of an alleged overpayment of income taxes for the calendar year 1932 in the amount of $519.77, with interest from March 15, 1933.

The case was tried by the court without a jury.

From the evidence, facts are found to be as follows: The plaintiff purchased 20 shares of the capital stock of the Anthracite Trust Company of Scranton, Pa., for the sum of $5,440 in January, 1929. At the close of business on September 10, 1931, the Anthracite Trust Company was taken over by the Secretary of Banking of the commonwealth of Pennsylvania, and a certificate of possession was filed in the office of

the prothonotary of Lackawanna county, Pa., on October 3, 1931. In the certificate it was stated "it appears from the report of an examination of the said Anthracite Trust Company, Scranton, Pennsylvania, by an authorized representative of the Department of Banking of Pennsylvania, that the corporation is in an unsafe and unsound condition to continue business, and has suspended payment of obligations."

On the morning of September 11, 1931, the Anthracite Trust Company failed to open for business. A notice was posted on the entrance door of the place where the company was carrying on its banking business, stating that the business and property had been taken over by the Secretary of Banking. On or about November 18, 1931, the plaintiff received a notice, as a depositor, that the Secretary of Banking had determined to liquidate the affairs of the bank. A similar notice was published in newspapers of general circulation in Scranton and in the Lackawanna Jurist, a weekly legal publication, once each week for four successive weeks beginning November 18, 1931. On March 24, 1932, a statement of assets and liabilities of the trust company as of September 10, 1931, was filed in the office of the prothonotary of Lackawanna county, showing total assets of $1,562,760.-52, and total net liabilities of $2,337,160.13.

Section 23 of the Revenue Act of 1928, c. 852, 45 Stat. 791, which was re-enacted by the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. § 23 and note, provides:

"*Deductions from gross income* In computing net income there shall be allowed as deductions: * * * (e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—(1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business."

Article 174 of the Treasury Regulations promulgated pursuant to the provisions of the above statute provides in part: " * * * If stock of a corporation becomes worthless, its cost or other basis determined under section 113 [26 U.S.C.A. § 113 and note] may be deducted by the owner in the taxable year in which the stock became worthless, provided a satisfactory showing of its worthlessness be made. * * *"

The question in this case is whether the plaintiff's loss due to the worthlessness

of his stock in the Anthracite Trust Company may be deducted as a loss incurred during the year 1932, or whether the loss should have been claimed as a loss incurred during the year 1931.

The case of In re Hoffman (D.C.E.D. Pa.) 16 F.Supp. 391, 392, affirmed in Yocum v. Rothensies (C.C.A.) 87 F.(2d) 200, is controlling on this court in the decision of this case. The facts in that case were substantially the same as those in the case at bar. In the opinion of the District Court by Judge Kirkpatrick, it was held that, "To all intents and purposes the stock of a bank becomes unsalable at any price when the bank is taken over and liquidation begins. The government's position that the loss occurred in the year in which the bank was closed is in accordance with the general practice of the Department. There is no formal regulation, and it would not be controlling if there were, but it is certainly a sensible, practical rule and in accordance with actual facts. I therefore hold that the bankrupt's loss in the Franklin Trust Company stock was sustained in the year 1931 and not in the year 1932."

In a per curiam opinion, the Circuit Court of Appeals said:

"A full consideration of this case satisfies us that both the issues involved were correctly decided by the court below. The opinion of Judge Kirkpatrick (In re Hoffman [D.C.] 16 F.Supp. 391), sets forth a satisfactory statement of the principles involved."

Accordingly, this court has no alternative except to hold that plaintiff's loss was sustained in the year 1931 and not in the year 1932. It follows that the plaintiff cannot recover, and judgment should be entered for the defendant.

Now, judgment is directed to be entered for the defendant.